O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. FRIERSON, JR., | ) Case No. CV 11-02735-DOC (SP) |
| Petitioner, | ) |
| v. | ) ORDER DENYING A CERTIFICATE OF APPEALABILITY |
| G.D. LEWIS, Warden, | ) |
| Respondent. | ) |

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts reads as follows:

> (a) **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

   (b)  **Time to Appeal.**  Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules.  A timely notice of appeal must be filed even if the district court issues a certificate of appealability.  These rules do not extend the time to appeal the original judgment of conviction.

  Under 28 U.S.C. § 2253(c)(2), a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  The Supreme Court has held that this standard means a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (internal quotation marks omitted, citation omitted).

  Two showings are required "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim."  *Slack*, 529 U.S. at 484.  In addition to showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," the petitioner must also make a showing that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*.  As the Supreme Court further explained:

> Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal.  Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.

*Id.* at 485.

1   Here, the Court has denied the Petition as being barred by the one-year
2 statute of limitations set forth in the Antiterrorism and Effective Death Penalty
3 Act, 28 U.S.C. § 2244(d)(1).  Petitioner has failed to make the requisite showing,
4 or any showing, that "jurists of reason would find it debatable whether the district
5 court was correct in its procedural ruling" with respect to the timeliness of his
6 Petition.
7   Accordingly, a Certificate of Appealability is denied in this case.

9 Dated: October 14, 2011

11 _____
12 HONORABLE DAVID O. CARTER
    UNITED STATES DISTRICT JUDGE

14 Presented by:

16 _____
    Sheri Pym
    United States Magistrate Judge